# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NU-LOOK HOME DESIGN, INC.,<br>7134 Columbia Gateway Drive, Suite 150,<br>Columbia, Maryland 21046,<br><br>                              Plaintiff,<br><br>- vs -<br><br>ADAM MULVANEY,<br>8396 Spruce Street,<br>Manassas, Virginia 20111,<br>                              Defendant. | Civil Action No.:<br>1:21-cv-02925-RDB |

### Adam Mulvaney's counterclaim

Adam Mulvaney, by his counsel and pursuant to Fed. R. Civ. P. 13(a), asserts this counterclaim against Nu-Look Home Design, Inc. and in support thereof, states the following:

### Parties

1.    Adam Mulvaney is an individual residing in Virginia.

2.    Upon information and belief, Nu-Look is a Maryland corporation with its principal place of business in Maryland.

### Jurisdiction and venue

3.    This Court has subject matter jurisdiction over this counterclaim based on its original diversity jurisdiction established by Nu-Look's complaint against Mr. Mulvaney.

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## Factual allegations

5. Mr. Mulvaney most recently worked at Nu-Look, a roofing contractor, from February 2020 until March 2021.

6. Following his separation from Nu-Look, Mr. Mulvaney began working for another roofing company.

7. Nu-Look has maintained that Mr. Mulvaney is working in violation of a restrictive covenant that states "Employee shall not, directly or indirectly, *in substantially the same role or capacity* as Employee worked for the Company, work for or provide services with respect to any person or entity engaged in a business that provides home improvement services and/or products."

8. Mr. Mulvaney has explained to Nu-Look that his employment is not "in substantially the same role or capacity" as his employment at Nu-Look.

9. Nu-Look nevertheless maintains that Mr. Mulvaney is working in violation of his restrictive covenant, and has demanded that he resign his current employment.

## Count I: Declaratory judgment

10. Mr. Mulvaney re-alleges and incorporates by reference herein all the allegations contained in paragraphs 1 through 9.

11. Mr. Mulvaney maintains that he is not working in violation of the restrictive covenant, while Nu-Look maintains that Mr. Mulvaney is working in violation of the restrictive covenant.

12. An actual and immediate controversy thus exists between Mr. Mulvaney and Nu-Look with respect to whether Mr. Mulvaney's employment is in violation of the restrictive covenant.

13. Mr. Mulvaney is entitled to a determination pursuant to 28 U.S.C. § 2201.

WHEREFORE, Mr. Mulvaney respectfully requests that this Court enter an Order declaring that his employment is not in violation of the restrictive covenant.

Dated: November 15, 2021              Respectfully submitted,

*/s/ Leslie Paul Machado*
Leslie Paul Machado (Bar No. 14952)
O'Hagan Meyer, PLLC
2560 Huntington Avenue, Suite 204
Alexandria, Virginia 22303
(703) 775-8607 (phone)
(804) 403-7110 (facsimile)
lmachado@ohaganmeyer.com

**Counsel for Adam Mulvaney**

**Certificate of service**

I hereby certify that on this 15th day of November 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that I separately sent a copy to the following counsel of record via electronic mail:

> Brian D. Lyman
> Michael G. Von Sas
> Hillman, Brown and Darrow, PA
> 221 Duke of Gloucester Street,
> Annapolis, Maryland 21401

*/s/ Leslie Paul Machado*
Leslie Paul Machado
